IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

RYAN ELY,                                          )
                                                   )
          Plaintiff,                               )          Case No. 24-CV-258-SWS
                                                   )
          vs.                                      )
                                                   )
BLACK GOLD LAND COMPANY,                           )
LLC d/b/a "COAL MINE RANCH, et al.,                )
                                                   )
          Defendants.                              )
                                                   )
BLACK GOLD LAND COMPANY, LLC,                      )
                                                   )
          Third-Party Plaintiff,                   )
                                                   )
          vs.                                      )
                                                   )
RICHARD ELY,                                       )
                                                   )
          Third-Party Defendant.                   )

## JOINT CASE MANAGEMENT PLAN

**(The parties' proposed plan is subject to revision and modification by the Court at the
Initial Pretrial Conference)**

1.    The names of counsel or pro se parties who attended the Rule 26(f) meeting and

assisted in developing this Case Management Plan.

**Response:**

Christopher M. Brennan, WSB #7-5529
Woodhouse Roden Ames & Brennan, LLC
1912 Capitol Ave., Ste 500
Cheyenne, WY 82001
christopher@wrablaw.com
*Attorney for Plaintiff Ryan Ely*

Michael Cerasa (Pro Hac Vice)

Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

*Attorneys for Plaintiff Ryan Ely*

Jay A. Gilbertz, WSB #6-3087
319 W. Dow Street
P.O. Box 6288
Sheridan, WY 82801
Telephone: (307) 674-7451
jgilbertz@yonkeetoner.com
*Counsel for Defendants Black Gold, Rinaldo, Beisher and Walden*


John M. Kuker, WSB #6-3452
Overstreet Homar & Kuker
2922 Central Avenue
Cheyenne, Wyoming 82001
john@kukerlaw.com
*Attorney for Third-Party Defendant Richard Ely*

Andrew P. Reitman, WSB #7-5946
Hall & Evans, LLC
2015 Central Street, Suite C
Cheyenne, WY 82001
*Attorneys for Big Buck Outfitters, Inc.*


2.    A list of the parties in the case, including any parent corporations or entities (for

recusal purposes).

**Response:**

**Plaintiff:**
Ryan Ely, an individual

**Defendants:**
A.    Brian Beisher, an individual and a Wyoming resident;
B.    Annette Rinaldo, an individual and a Wyoming resident;

2

C.    Brad Walden, an individual, and a Wyoming resident;
D.    Cameron Dobson, an individual, and believed to be a Michigan resident;
E.    Black Gold Land Company, LLC, at times d/b/a Coal Mine Ranch
    a.  Membership interest owned by Little Horn Properties, LLC with its respective membership interest owned by Defendants Beisher and Rinaldo.
    b.  Membership Interest owned by Iron Man Investments, LLC; with its respective membership interest owned by Defendant Walden.
F.    Big Buck Outfitters, Inc., a Wyoming corporation.

**Third-Party Defendant:**
Richard Ely, an individual

3.    List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response:**  None.

4.    A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.    **Response:**

Plaintiff has filed a personal injury suit claiming that he suffered injury while riding as a passenger in an ATV/UTV owned and controlled by Defendant Black Gold and/or Big Buck Outfitters and operated by Defendant Dobson on property owned by Defendant Black Gold. Plaintiff contends that all other Defendants controlled and directed Defendant Dobson. Plaintiff claims he suffered a facial injury including broken bones in the incident. Plaintiff also claims all Defendants knew Defendant Dobson was intoxicated during the accident and this knowledge allows Plaintiff to seek punitive damages.

Defendants assert that Plaintiff was only allowed on its property under the terms and conditions of the rental agreement executed by Plaintiff's father Richard Ely, and that the Ely group was specifically, and in writing, told that they were not allowed to use (including as a

passenger) any ATV/UTV on the property unless the Ely group hired a professional third-party guide service which provides such machines and drivers. Third Party Defendant Richard Ely disputes these assertions and contends that Defendants offered and supplied said ATV as a part of its agreements with Ely.

Defendants claims Plaintiff's use, even as a passenger, of the ATV/UTV was in violation of the permissive use under which Plaintiff was on the property. Defendants further assert that Cameron Dobson was not an employee of any of the Defendants and that he was an independent contractor. Third-Party Defendant disputes this assertion as well. In any event, Defendant claims Dobson had been specifically instructed that the Ely group was not allowed to use, nor was he allowed to use with any member of the Ely group, the ATV/UTV. Therefore, Defendant asserts that any use of the ATV/UTV by Dobson was outside the scope and permission of any relationship between Dobson and these Defendants. Should a trial advance to the stage of comparative fault, then the comparative fault of all actors must be compared, including that of the Plaintiff and his father. Defendants deny that Dobson was intoxicated at the time of the event.

Big Buck Outfitters asserts that it has nothing to do with this incident and should be dismissed. Dobson was neither working for, nor employed by, nor in the course and scope of any employment with Big Buck Outfitters when he took Plaintiff on a ride on the ATV/UTV on the property owned by Black Gold. Big Buck Outfitters did not authorize or permit or consent to Dobson to take Plaintiff on a ride on the ATV/UTV. In no way did Richard Ely or Ryan Ely retain or hire Big Buck Outfitters to guide any trip and did not rent the ATV/UTV from Big Buck Outfitters. Big Buck Outfitters neither owed nor breached any duty to Plaintiff.

Defendant Black Gold asserts a third-party complaint against Richard Ely who signed a rental contract with Black Gold and agreed to defend and indemnify Black Gold from claims such

as that being raised by Ryan Ely.  Defendants assert that the use of the property was also conditioned on Richard Ely supplying injury releases from all individuals he was going to bring, invite or otherwise have on the property and Richard Ely failed or refused to do so, depriving Black Gold and its representatives of a release and waiver by Ryan Ely. Third-Party Defendant disputes these assertions and contends the releases were not supplied until after the incident, and that they were not asked nor required to have all visitors sign a release.    Black Gold seeks an award against Richard Ely for all damages it has and will suffer as a result of Richard Ely's breach of contract, including without limitation indemnity from any award made to Ryan Ely and attorney's fees in defending the lawsuit.

5.    A statement describing the basis for jurisdiction and citing specific jurisdictional statutes.   If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.   The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.  *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:**    Jurisdiction of this Court is premised on diversity of citizenship between the parties.  As demonstrated in the discussion of the parties under item #2, there is diversity of citizenship between the respective and opposing sides.

6.    A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served.  Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:** Defendant Cameron Dobson has not answered or otherwise appeared. Default has been entered against Defendant Dobson.

7.     A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:** No additional parties are expected to be added to the litigation.

8.     Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:** Plaintiff does not believe there are any dispositive issues appropriate for decision at this time. Defendants believe there are multiple matters that may be disposed of through summary proceedings which include 1) dismissal of all individual Defendants other than Dobson if Plaintiff is unable to demonstrate negligence on the part of these Defendants; 2) dismissal of the punitive damages claim against all individual Defendants other than Dobson because Plaintiff appears unable to demonstrate a colorable claim of willful and wanton conduct on the part of these Defendants; 3) partial summary judgment finding Richard Ely breached the terms and conditions of the rental contract with only the damages from that breach needing to be determined by the jury; and 4) dismissal of Big Buck Outfitters, Inc. as neither employing Dobson, nor owning the ATV/UTV, nor owning the ATV/UTV, nor permitting, authorizing, ratifying, consenting to Dobson taking Plaintiff on a ride on the ATV/UTV.

9.     Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:**   Plaintiff has complied with self-executing discovery to the extent possible given the information currently in Plaintiff's possession. Defendants contend that Plaintiff has not complied with self-executing discovery and/or written discovery because they have failed to identify *any* amount of damages claimed in *any* category claimed. Third-Party Defendant has complied with self-executing discovery.

Big Buck Outfitters had not made its initial discovery disclosures yet, but does not expect to have much information and respectfully requests to do so by March 19, 2026.

10.     Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:** Plaintiff is willing to stipulate to the Short Term Lease Agreement between Richard Ely and Black Gold as an authentic admissible document, stipulate to the dates the Ely party was on Black Gold's property, stipulate that Defendant Dobson was drinking while operating a vehicle owned by Defendants, stipulate that Defendants were responsible for maintaining the ATV/UTV, stipulate to the fact that Ryan Ely suffered a facial injury during an ATV/UTV ride on Black Gold property, stipulate that the ATV/UTV was driven by Defendant Dobson, and stipulate that Defendants Beisher, Rinaldo, and Walden directed Defendant Dobson's work at Coal Mine Ranch.

Defendants are willing to stipulate to the written contract between Richard Ely and Black Gold as an authentic and admissible document,; stipulate to the dates the Ely party was on Black Gold's property; and stipulate to the fact that Ryan Ely suffered a facial injury during a ATV/UTV

ride (the cause of such injury still being investigated) and that the ATV/UTV was driven by Cameron Dobson.

11.    Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.   Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

      a.    Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

      **Plaintiff 120 days after IPTC.**

      **Defense 60 days after Plaintiff.**

      **It is not anticipated that the third-party claim will involve experts.**

      b.    A proposed deadline for the completion of fact discovery; and

      **45 days prior to trial.**

      c.    A proposed date for trial.

      **9 months following the pending IPTC.**

  **Response:**

12.    Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:**   The Plaintiff has not disclosed any computation of damages which leaves the Defense unable to gauge the proportionality of the needed discovery activities.   In written discovery Defendants have requested electronic information regarding photos and videos of the Plaintiff and those taken by the Plaintiff while on the property and little to nothing has been produced.

The Defendant Cameron Dobson has been defaulted due to a failure to answer.

13.     The estimated length of trial and any suggestions for shortening the trial.

**Response: 5 trial days.**

14.     The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response: Poor.**

15.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:** In written discovery Defendants have requested electronic information regarding photos and videos of the Plaintiff and those taken by the Plaintiff while on the property and little to nothing has been produced.


 /s/ Michael D. Cerasa                                       3/12/26
                                                             Date
/s/ Christopher M. Brennan

Counsel for Plaintiff



/s/ *Jay A. Gilbertz*                                        3/12/26
Counsel for Defendants                                       Date


/s/ John M. Kuker                                            3/12/26
Counsel for Third-Party Defendant                            Date


/s/Andrew P. Reitman                                         3/12/26
Counsel for Big Buck Outfitters, Inc.                        Date